811 F.2d 604
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ELY, Plaintiff-Appellant,
v.
UNITED STATES GOVERNMENT, et al. Defendants-Appellees.
 No. 86-3150.
 United States Court of Appeals, Sixth Circuit.
 Dec. 10, 1986.
 
 Before KRUPANSKY, NELSON and RYAN, Circuit Judges.
 
 ORDER
 
 1
 Ely timely filed this pro se appeal from the January 29, 1986 Order of the district court adopting the Report and Recommendation of the Magistrate and dismissing his Complaint. This case has been referred to a panel of this Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs of the parties, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Ely filed his complaint on July 25, 1985, alleging that defendant Dan Lyons, a Deputy Clerk in the United States District Court for the Southern District of Ohio, violated his civil rights by refusing to accept his employment application. Specifically, Ely claims that defendant Lyons told him the Clerk could not accept an employment application from an ex-convict, and that Lyons refused to give him an opportunity to speak or to provide him with authority for Lyons' statement, all in violation of 42 U.S.C. Sec. 1983. Ely also filed a Motion to Cause Arrest for Conspiracy in which he sought the issuance of an arrest warrant for Lyons. The case was referred to a Magistrate who found that the defendants were entitled to dismissal of the Complaint or, alternatively, to summary judgment. He recommended that defendants Motion be granted and that Ely's Motion to Cause Arrest be denied. After considering Ely's timely filed objections, the district court adopted the Report of the Magistrate.
 
 
 3
 The Complaint in this case was correctly dismissed for failure to state a claim upon which relief could be granted. It is well settled that pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972), and they should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Ely can prove no set of facts which would entitle him to relief in this case. As the district court found, Ely's only conceivable cause of action is under 42 U.S.C. Sec. 2000e-16, which provides the exclusive judicial remedy for redress of federal employment discrimination claims. Brown v. General Services Administration, 425 U.S. 820, 832-33 (1976). Even if Ely had brought this action under 42 U.S.C. Sec. 2000e-16, the record shows that he failed to pursue and exhaust his administrative remedies. See Brown, supra at 832. Moreover, Sec. 2000e-16(c) mandates that any action brought under that section must be brought against the director of the agency involved. Therefore, neither the United States Government nor Lyons is a proper party to this action.
 
 
 4
 This Court is empowered to impose sanctions on those who bring frivolous or vexatious appeals. See 28 U.S.C. Sec. 1912; Fed.R.App.P. 38. Although such sanctions are not being imposed here, Ely should be aware that the filing of any meritless appeals in the future may have serious economic consequences for him.
 
 
 5
 The judgment of the district court is affirmed for the reasons set forth in the district court's opinion. Sixth Circuit Rule 9(d)(3).